1  Ryan P Harley, Esq. (State Bar No. 245059)
   Christie B. Swiss, Esq. (State Bar No. 245151)
2  Joshua A. Cohen (State Bar No. 180293)
3  Aron K. Liang, Esq. (State Bar No. 228936)
   COLLINS + COLLINS LLP
4  2175 N. California Boulevard, Suite 835
   Walnut Creek, CA 94596
5  (510) 844-5100 - FAX (510) 844-5101
   Email: rharley@ccllp.law
6  Email: cswiss@ccllp.law
7  Email: jcohen@ccllp.law
   Email: aliang@ccllp.law
8
   Attorneys for Defendant
9  APARTMENT MANAGEMENT CONSULTANTS, LLC

10              UNITED STATES DISTRICT COURT
11             SOUTHERN DISTRICT OF CALIFORNIA
12                   SAN DIEGO DIVISION

| | |
|---|---|
| ROSA NAVARRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. **'23CV0208 JM   MSB**<br><br>**DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1446(d)]**<br><br>[Superior Court of the State of California, County of San Diego, Case No. 37-2022-00049211-CU-OR-CTL] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:**

   PLEASE TAKE NOTICE that Defendant Apartment Management Consultants, LLC ("AMC" or "Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

///

*24367*

1
NOTICE OF REMOVAL

**Procedural History and Timeliness of Removal**

1. On December 8, 2022, Rosa Navarro ("Plaintiff"), on behalf of herself and a purported class of all similarly situated individuals, filed a civil action in the Superior Court of the State of California, County of San Diego, entitled *Rosa Navarro v. Apartment Management Consultants, LLC*, Case No. 37-2022-00049211-CU-OR-CTL. (Declaration of Aron K. Liang ("Liang Decl."), Ex. 1 (Complaint).)

2. On January 5, 2023, Defendant received a copy of the complaint. (Liang Decl., Ex. 2 (Proof of Service).) This notice is therefore timely. *See* 28 U.S.C. § 1446(b)(1) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

**Basis for Removal Jurisdiction**

3. <u>Generally</u>. This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1453(b), for at least the following reasons.

4. <u>Covered Class Action</u>. Plaintiff purports to bring this action on behalf of a purported class of "All former residents of Defendnta's California properties whose leaseholds terminated between December 9, 2018 to the date of trial, and who had at least $125 of their security deposit retained for, inter alia, cleaning, repairs and/or replacements combined" as well as a class of "All current and former residents of Defendants' California Properties who were subject to Defendants' Excessive Late Fee policy at any time between December 9, 2018 and the date of trial." (Complaint, ¶ 62.) Plaintiff specifically states that "Plaintiff brings this action as a class action pursuant to California Civil Code of Procedure § 382 on behalf of herself and all other similarly situated persons in the Classes.." (*Id.*) This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

5. <u>Diversity</u>. The minimal diversity standard of the CAFA is met so long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity is also met if any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and defendant is a citizen of a State. 28 U.S.C. § 1332(d)(2)(B).

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

      a.      Plaintiff alleges she is a citizen of California. (Complaint, ¶ 5.) The putative class includes **former** and current residents of various California properties, which would include citizens of every other states as well as citizens of one or more foreign states. (Complaint, ¶ 62.)

      b.      As of the date of the complaint was filed in San Diego Superior Court, and as of the date of this removal, Defendant is a Utah limited liability company with its principal place of business in Utah. (Declaration of Joel Zenger ("Zenger Decl."), Ex. 1, ¶ 3.) Defendant's headquarter is in Utah and Utah is the state where Defendant's high level officers direct, control and coordinate the activities of Defendant. (*Id.*) *See* 28 U.S.C. § 1332(d)(10); Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C., 768 F.3d 425, 426, fn. 2 (5th Cir. 2014); Bartels by & through Bartels v. Saber Health Grp., LLC, 880 F.3d 668, 673, fn. 2 (4th Cir. 2018); Hertz Corp. v. Friend, 559 U.S. 77, 78 (2010). Plaintiff acknowledges that Defendant is a Utah limited liability company. (Complaint, ¶ 7.)

      c.      Accordingly, this action satisfies the diversity requirements of the CAFA. 28 U.S.C. § 1332(d)(2)(A) because Plaintiff alleges that at least one member of the purported class of plaintiffs (citizens of all states and all foreign states) is a citizen of a state different from any one defendant (citizen of Utah).

6.      <u>Amount in Controversy – Alleged Compensatory Damages</u>. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. 28 U.S.C. § 1332(d)(6). Where, as here, a complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount of controversy in its notice of removal." Ibarra v. Manheim Invs., 775 F.3d 1193, 1197-1198 (9th Cir. 2015). No submission of evidence accompanying the removal notice is required. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). Defendant's burden requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart, 574 U.S. at 89.

7.      Plaintiff asserts three causes of action against Defendant: (1) Unlawful Retention of Residential Security Deposits (Civil Code § 1950), (2) Unlawful Liquidated Damages (Civil Code §

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1671), and (3) Unfair Business Competition (Business and Professions Code § 17200, *et seq.*) Amongst the remedies sought are the return of the security deposits that of Plaintiff and the putative class paid to Defendant (Complaint, ¶ 90) and the late fees paid by Plaintiff and the putative class to Defendant (Complaint, ¶ 91.) Plaintiff alleges that there are more than 20,000 class members in total. (Complaint, ¶ 63a.) Plaintiff claims that she paid a security deposit of "approximately more than $2,000." (Complaint, ¶ 43.) Plaintiff claims a charge of "approximately $100 for each instance when her rent was paid late." (Complaint, ¶ 60.) While Defendant disputes the factual allegations, Plaintiff's complaint alleges an amount of controversy far in excess of $5,000,000. Just estimating the return of $2,000 in security deposits and $100 in late fees for each of the alleged 20,000 class members puts the amount in controversy far in excess of the $5,000,000 jurisdictional limitations under CAFA.

8.  Defendant disputes Plaintiff's allegations and dispute that they are liable to Plaintiff or to the putative class. Without conceding any merit to Plaintiff's damages allegations or causes of action, a plain reading of the complaint demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal.

9.  <u>Amount in Controversy – Alleged Statutory Damages</u>. Plaintiffs also seeks penalties pursuant to Civil Code section 1950.5 (twice the amount of the security deposit in addition to actual damages) and Civil Code section 3345 (treble damages for unfair business acts or practices or unfair methods of competition as to senior citizens, disabled persons or veterans). (Complaint, ¶¶ 92-93.) While Defendant disputes that penalties are warranted in this case, this Court should consider statutory penalties alleged in determining that the amount in controversy in this case exceeds $5,000,000. This further supports the finding that the amount in controversy alleged by Plaintiff is in excess of $5,000,000.

10.  <u>Amount in Controversy – Alleged Attorneys' Fees</u>. Plaintiff also seeks an award of attorneys' fees. (Complaint, ¶ 96.) While Defendant disputes that any attorneys' fees are recoverable, this request should be included in determing the amount in controversy. *See Fritsch v. Fritsch Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (reversing remand and holding that "attorneys' fees are at stake in the litigation, and must be included in the amount in

controversy").

11. Accordingly, based on Plaintiff's allegations and the scope of the class which consists of all former and current residents of 13 apartment complexes over an approximately four plus years, the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs.

12. <u>CAFA Exceptions Do Not Apply</u>. Remand is not mandated as Defendant is not a citizen of California which is the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4).

### Notice to State Court

13. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of the State of California, San Diego County. (Liang Decl., Ex. 3, attaching state court removal notice without exhibits)

### Intradistrict Assignment

14. Assignment of this action to the United States District Court for the Southern District of California is appropriate because this action was originally filed in the Superior Court of the State of California, San Diego County.

Accordingly, Defendant respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act. By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, their right to assert any defense which it could have asserted in the Superior Court of the State of California for the County of San Diego.

DATED: February 3, 2023         COLLINS + COLLINS LLP

                                By: _____
                                    CHRISTIE BODNAR SWISS
                                    RYAN P. HARLEY
                                    JOSHUA A. COHEN
                                    ARON K. LIANG
                                    Attorneys for Defendant
                                    APARTMENT MANAGEMENT
                                    CONSULTANTS, LLC

24367

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,       )
                           ) ss.
County of Los Angeles.     )

 I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, California 91101.

 On this date, I served the foregoing document described as **DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on February 3, 2023 at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_/s/ Anna Yogore_
ANNA M. YOGORE
ayogore@ccllp.law

24367

6
NOTICE OF REMOVAL

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

**Rosa Navarro v. Apartment Management Consultants, LLC**
**USDC Southern District of California Case Number: _____**
**CCLLP File Number: 24367**

**SERVICE LIST**

Jeffrey L. Hogue, Esq.
Tyler J. Belong, Esq.
Octavio Velarde, Esq.
HOGUE & BELONG
710 Laurel Street
San Diego, CA 92101
619-238-5720 – Fax 619-238-5260
jhogue@hoguebelonglaw.com
tbelong@hoguebelonglaw.com
ovelarde@hoguebelonglaw.com
**Attorneys for Plaintiff Rosa Navarro and all others similarly situated**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

*24367*

7
NOTICE OF REMOVAL