UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NAVARRO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-0208-L-MSB<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART MOTION TO TRANSFER AND/OR DISMISS [ECF No. 3]**<br><br>**DENYING MOTION TO REMAND AS MOOT [ECF No. 5]** |

    Pending before the Court is Plaintiff Rosa Navarro's ("Plaintiff") motion to remand, (ECF No. 5), and Defendant Apartment Management Consultants, LLC's ("Defendant") motion to dismiss or transfer, (ECF No. 3). Each party opposed the other's motion and replied. For the reasons stated below, Plaintiff's motion to remand is denied and Defendant's motion to dismiss or transfer is granted in part and denied in part.

**I.　BACKGROUND**

    Plaintiff originally filed a complaint in the Superior Court of California in San Diego County. (ECF No. 1-2, at 6.) Defendant timely removed. (ECF No. 1, at 2.) According to Plaintiff's state-court complaint, Defendant is a real estate property management company. (ECF No. 1-2, at 29.) Plaintiff leased an apartment from Defendant from about May 2021 until May 2022. (*Id.* at 35.) Plaintiff claims that Defendant did not return her security deposit or provide her with an itemized statement with supporting documentation. (*Id.* at 35–36.) Plaintiff's complaint also includes an allegation that a "Ms. Davis was charged by Defendants approximately $100 for each instance when her rent was paid late, regardless of the amount or number of days late." (*Id.* at 38.)

Plaintiff brings three claims for relief: (1) unlawful retention of residential security deposits in violation of California Civil Code § 1950.5; (2) unlawful liquidated damages in violation of California Civil Code § 1671 in relation to the late fees; and (3) restitution as a remedy for "unfair competition" pursuant to California Business and Professions Code §§ 17200, *et seq*. (*Id.* at 42–44.) Plaintiff now moves to remand on the grounds that this Court lacks subject-matter jurisdiction. (ECF No. 5-1.) Defendant moves *inter alia* to dismiss on the same grounds. (ECF No. 3-1). Defendant argues specifically that Plaintiff's lack of Article III standing deprives this Court of jurisdiction. (*Id.*)

"A federal court generally may not rule on the merits of a case without first determining that it has [subject-matter] jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Accordingly, the Court begins by determining whether it has subject-matter jurisdiction, looking first to Defendant's motion to dismiss.

## II. LEGAL STANDARD

"Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The "irreducible constitutional minimum of standing" requires that: (1) "the plaintiff must have suffered an 'injury in fact'"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendant, as the removing party, bears the burden of establishing these elements. *Id.* at 561.

## III. DISCUSSION

Defendant's notice of removal, which incorporates Plaintiff's complaint, includes only an allegation that someone other than Plaintiff was charged a late fee. (*See* ECF No. 1-2, at 38.) Nowhere in Defendant's notice of removal is it alleged that Plaintiff was charged a late fee. (*See generally id.*) As a result, Defendant has failed to show that

Plaintiff suffered an injury in fact with regard to her claim arising out of unlawful late fees. Plaintiff therefore lacks standing to bring her second claim for relief and the Court must determine the appropriate remedy.

Where a Plaintiff in a removed action lacks standing, the action should generally be remanded rather than dismissed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Moreover, Plaintiff does not oppose remand. (ECF No. 6, at 6) ("Rather than dismissal, this action should be remanded."). Thus the Court denies Defendant's motion to dismiss based on lack of subject-matter jurisdiction and elects instead to remand the action.

The Ninth Circuit has expressly left open the question of whether an action should be remanded in its entirety where less than all of the claims asserted are standing-deficient. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001) ("We need not decide, however, whether the district court could remand only [the plaintiff's] standing-deficient claims . . . while retaining his other claims."). But in the interests of judicial efficiency and consistency, the Court declines to partially remand this case. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

IV. **CONCLUSION**

For the foregoing reasons, the above-captioned case is **REMANDED** to the Superior Court of California, County of San Diego. In light of the Court's holding, Plaintiff's motion to remand is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: June 16, 2023

_____
Hon. M. James Lorenz
United States District Judge